## Vattimo v. Lower Bucks Hospital, Inc.

On October 19, 1978, defendant filed preliminary objections to plaintiffs' complaint. On October 26, 1978, plaintiff filed preliminary objections to defendant's preliminary objections and defendant filed an answer to plaintiff's preliminary objections on October 30, 1978. By order of the administrator, dated December 4, 1978, plaintiff's preliminary objections were overruled and the parties were asked to file briefs in regard to defendant's preliminary objections. A memorandum in support of defendant's preliminary objections was filed on December 22, 1978 and plaintiff filed a memorandum in opposition on January 8, 1979. On January 12, 1979, defendant filed a supplemental memorandum in the form of a letter.

Defendant's preliminary objection is in the form of a demurrer to plaintiffs' complaint. In their brief, plaintiffs have characterized the cause of action brought on behalf of their son, James Vattimo, an incompetent, and on their own behalf, as a cause of

action based upon negligent infliction of mental distress. Plaintiffs' complaint alleges that, as a result of defendant hospital's breach of duty to James Vattimo, whom it had diagnosed as schizophrenic, paranoid-type, said incompetent started a fire which allegedly caused the death of another patient. Plaintiffs' brief cites many cases in support of their allegation that defendant hospital breached its duty to James Vattimo. But plaintiffs have failed to cite any authority for the proposition that the damages suffered by James Vattimo are recoverable under Pennsylvania law. There is no allegation of physical injury to plaintiff James Vattimo. The damages alleged are for the incompetent's emotional distress, attorney's fees and the incarceration resulting from the incident. In count I, the parents of James Vattimo also claim damages for emotional distress, medical expenses, and expenses of the litigation resulting from the incident. Given the facts alleged in plaintiffs' complaint, none of the above-claimed damages are recoverable under Pennsylvania law.

The general rule in Pennsylvania in cases of negligent infliction of emotional distress was stated in Knaub v. Gotwalt, 422 Pa. 267, 270, 220 A. 2d 646 (1966):

". . . [T]here can be no recovery of damages for injuries resulting from fright or nervous shock or mental or emotional disturbances or distress, unless they are accompanied by physical injury or physical impact."

In Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970), the rule in Knaub was modified to extend recovery to plaintiffs who were in personal danger

of physical impact and feared such impact, although failing to suffer actual physical impact as required by Knaub. The exception was stated in Niederman as follows:

"We today choose to abandon the requirement of a physical impact as a precondition to recovery for damages proximately caused by the tort in only those cases like the one before us where plaintiff was in personal danger of physical impact because of the direction of a negligent force against him and where plaintiff actually did fear physical impact." Niederman v. Brodsky, supra at 413.

In this case, plaintiff has failed to allege facts which would permit recovery under either the rule in Knaub or the less stringent standard expressed in Niederman. Plaintiff has failed to allege either that he suffered physical injury or impact, or that a negligent force directed against him caused him to be in personal danger of physical impact and that he feared such impact. There is no allegation that defendant directed a negligent force at James Vattimo or his parents.

Since the complaint fails to claim damages on behalf of any of plaintiffs which are recoverable under Pennsylvania law, we must sustain defendant's demurrer and dismiss the complaint.

## ORDER

And now, April 17, 1979, upon consideration of defendant's preliminary objections and the memoranda in support and opposition thereto, it is hereby ordered and decreed that defendant's preliminary objections in the form of a demurrer are sustained and plaintiffs' complaint is dismissed.